IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN O. WILSON and MARY K. WILSON, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | No: 3:14-cv-02344 |
| v. ) | Judge Haynes/Bryant |
| ) | |
| **REGIONS BANK,** *et. al.*, ) | |
| ) | |
| **Defendants.** ) | |

To: The Honorable Senior Judge William J. Haynes, Jr., United States District Judge

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss (Docket Entry 5) and Motion for Joinder (Docket Entry 7) be **GRANTED** and that this action be **DISMISSED** with prejudice for failure to state a claim.

### I. Statement of the Case

Plaintiffs, proceeding *pro se*, filed their Complaint on December 04, 2014 in Davidson County, Tennessee, alleging claims related to the securitization[1] of the mortgage on their home. (Docket Entry 1, p. 2; Docket Entry 1-1, p. 4). Plaintiffs alleged that they executed a promissory note with Regions Bank d/b/a Regions Mortgage (Regions) for $352,000.00 on or about October 30, 2007 and a deed of trust in favor of Regions, secured by Plaintiffs' property in Tennessee. (Docket Entry 1-1, p. 7). In June 2009, Plaintiffs entered into a loan modification agreement with

---

[1] *Rush v. Mac*, No. 14-1476, 2015 WL 4069807, at *5 n.4 (6th Cir. July 6, 2015)(citing *Bisson v. Bank of Am.,* N.A., 919 F.Supp.2d 1130, 1133 (W.D.Wash.2013))("Securitization is the packaging of debt into instruments broadly referred to as 'mortgage-backed securities.' One court has described it this way: One could analogize this process to taking raw ingredients and combining them to make bread then selling the slices individually, or putting different kinds of meat into a sausage grinder then selling the individual sausages. What is born from this process are new debt instruments, sold on the open market, that have pooled-and-sliced home loans as their ingredients. Different debt instruments work in different ways, but the basic concept is that the home loan debt gets repackaged and sold to other investors rather than being held by the bank that originated the loan.").

Regions pertaining to their property and agreed to repay $378,915.01 plus interest. (Docket Entry 5-3). Plaintiffs now seek damages and declaratory relief and seek that Defendants be "estopped and precluded from asserting an unsecured claim against Plaintiffs['] estate." (Docket Entry 1-1. p. 12). However, as the Chancery Court noted, Plaintiffs fail to submit any foreclosure notice or allege that a foreclosure is imminent. (Docket Entry 1-1, p. 35). Therefore, it remains unclear if or when Plaintiffs defaulted on their loan.

Defendants timely filed a Notice of Removal based on diversity jurisdiction and the federal questions presented. (Docket Entry 1). Plaintiffs are citizens of Tennessee while Defendants are corporations in Alabama, the District of Columbia, and Delaware, and the amount in controversy exceeds $75,000.00. (Docket Entry 1, pp. 2-3). Plaintiffs did not file an amended complaint after removal. Plaintiffs' original Complaint in Chancery Court lists the following causes of action:

1. Lack of standing to foreclose;
2. Fraud in the concealment;
3. Fraud in the inducement;
4. Intentional Infliction of Emotional Distress;
5. Quiet title;
6. Slander of title;
7. Declaratory relief;
8. Violations of Truth in Lending Act (TILA);
9. Violations of Real Estate Settlement Practices Act (RESPA);
10. Violations of Home Ownership Equity Protection Act (HOEPA); and
11. Rescission.

(Docket Entry 1-1). Defendants Regions and the Federal National Mortgage Association (FNMA) filed a Motion to Dismiss with a Memorandum of Law on January 05, 2015. (Docket Entry 5 and 6). Defendant Mortgage Electronic Registration System (MERS) filed a Joinder in the Motion to Dismiss. (Docket Entry 7). Plaintiffs failed to file a response and the time to do so has passed. This failure indicates "that there is no opposition to the motion." Local Rule 7.01(b). The District Judge referred this action to the Magistrate Judge on January 16, 2015. (Docket Entry 8). The matter is now properly before the Court.

## II.     Standard of Review

Federal Rule of Civil Procedure (FED. R. CIV. P.) 12(b)(6) governs motions to dismiss for failure to state a claim. "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)(quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). Instead, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . . ." *Bell Atl. Corp.*, 550 U.S. at 556. A complaint will survive a motion to dismiss if it includes: (1) facts to support a plausible claim; (2) more than a recital of elements of a cause of action; and (3) facts that, taken as true, raise the right to relief above the level of speculation. *Bell Atl. Corp.* at 555-56. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Indeed, the pleading standard in FED. R. CIV. P. 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft,* 556 U.S. at 678-79.

When a plaintiff is *pro se*, the Court will review the plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, "even *pro se* complaints must satisfy basic pleading requirements." *Dallas v. Holmes*, 137 F. App'x 746, 750 (6th Cir. 2005)(citation omitted)(unpublished opinion).

When considering a motion to dismiss, the Court "may consider the complaint along with any document not formally incorporated by reference or attached to the complaint as part of the pleadings if the document is referred to in the complaint and is central to the plaintiff's claim." *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364-65 (6th Cir. 2014)(citation and internal quotation omitted)(unpublished case). Therefore, the Magistrate Judge "may consider documents relating [to] the note, mortgage, assignment, loan modification process, and foreclosure that are referenced in the complaint and integral to [Plaintiffs'] claims." *Gardner,* 567 F. App'x at 365.

### III. Analysis

Plaintiffs' claims are based on the execution of their mortgage and the securitization of their mortgage loan. (Docket Entry 1-1, pp. 13-23). In response, Defendants cite *Thompson v. Bank of Am., N.A.,* in which the Court noted that the district courts "have entertained a spate of civil actions" related to mortgages and securitization of the underlying loans. *Thompson v. Bank of Am., N.A.,* 773 F.3d 741, 748 (6th Cir. 2014), *reh'g denied* (Dec. 24, 2014). The Court described many of these cases as "scattershot affairs, tossing myriad (sometimes contradictory) legal theories at the court to see what sticks." *Thompson,* 773 F.3d at 748.

Here, even accepting the allegations as true and liberally construing Plaintiffs' claims, the Magistrate Judge finds that none of the claims "stick." Plaintiffs' first claim is that Defendants lack standing to foreclose because "the only individual who has standing to foreclose is the holder of the note" and the proper holders of Plaintiffs' mortgage note are "the certificate holders

of the securitized trust." (Docket Entry 1-1, p. 14). This argument lacks merit because "securitization creates 'a separate contract, distinct from [a p]laintiff's debt obligations under the reference credit (i.e. the Note).' " *Dauenhauer v. Bank of New York Mellon,* No. 3:12-CV-01026, 2013 WL 2359602, at *5 (M.D. Tenn. May 28, 2013) *aff'd,* 562 F. App'x 473 (6th Cir. 2014)(citation omitted). In other words, "securitization of a note does not alter the contractual relationship between the borrower and the note holder." *Dauenhauer,* No. 3:12-CV-01026, 2013 WL 2359602, at *6. It is well established that in Tennessee, "the lender, the holder of the note, has title to the property [and that]. . . [u]ntil the note is satisfied, the holder of the note has superior title to the property." *Thompson,* 773 F.3d at 750-51. Moreover, the mortgage note is a negotiable instrument which "can be sold or assigned to another party who then receives the right to enforce the instrument." *Thompson,* 773 F.3d at 749 (citing TENN. CODE. ANN. §§ 47–3–104, 201, 203, 301, 302). Plaintiffs do not plead that they have satisfied the amount due on their loan. Therefore, Plaintiffs' debt obligations and the note holder's standing to enforce those obligations remain intact and unaffected by the securitization of the mortgage. Therefore, Plaintiffs' claim fails as a matter of law.

Plaintiffs also claim that Defendants failed to comply with their own securitization requirements under the "pooling and servicing agreement (PSA)."[2] (Docket Entry 1-1, p. 14). This claim fails because Plaintiffs, as borrowers, were not a party to the PSA or a third party beneficiary and therefore lack standing to bring this claim. *Dauenhauer,* No. 3:12-CV-01026, 2013 WL 2359602, at *5(citation omitted).

---

2 *Christmas v. CitiMortgage, Inc.,* No. 3:14-CV-071, 2014 WL 2117453, at *1 n.4 (S.D. Ohio May 21, 2014)( "A pooling and servicing agreement is a trust agreement required to be filed with the United States Securities and Exchange Commission ("SEC") which, along with another document called a mortgage loan purchase agreement, are the operative securitization documents.").

Plaintiffs' next claim is that MERS "cannot be a real party in interest in a securitized mortgage." (Docket Entry 1-1, p. 14). However, as Defendant MERS clarifies by filing a copy of the Deed of Trust, "MERS is not referenced in any way in the Deed of Trust *or any other documents related to the Plaintiff's loan*." (Docket Entry 7, pp. 1-2, Docket Entry 7-1)(emphasis added). Therefore, any claim against MERS fails as a matter of law.

Plaintiffs' next claims are that Defendants concealed that the loan was securitized and that Defendants induced them into the loan with misrepresentations. However, these claims for fraud in the concealment and fraud in the inducement both fail. FED. R. CIV. P. 9(b) provides that a plaintiff must state "the time, place, and content of the alleged misrepresentation on which [the deceived party] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud . . . ." *Campbell v. Inkelaar,* No. 2:12-CV-283, 2013 WL 427346, at *3 (E.D. Tenn. Feb. 4, 2013)(citation omitted). Plaintiffs have failed to plead the basic details about an impending or completed foreclosure. Plaintiffs attach a "certified forensic loan audit" to their Complaint, which indicates that there is no recorded foreclosure on the property or notice of default on the loan. (Docket Entry 1-1, p. 64). Plaintiffs do plead that they have incurred attorney's fees, although they ostensibly have always been *pro se*. (Docket Entry 1-1, pp. 17, 19). Plaintiffs also plead that that they lost equity in their home and that they were unable to obtain a loan modification, "which has resulted in Plaintiff[s] being permanently burdened by the fraudulent loan . . . ." (Docket Entry 1-1, p. 24). However, the loan modification that Plaintiffs entered into in 2009 contradicts this statement. (Docket Entry 5-3). Plaintiffs also plead that Regions "ignored long standing economic principals" and "sold Plaintiff[s] a deceptive loan product." (Docket Entry 1-1, p. 12). Finally, Plaintiffs plead that "had the truth been disclosed, Plaintiff[s] would not have entered into the Loans." (Docket Entry 1-1, p. 17). Given these

conclusory and contradictory allegations, the Magistrate Judge cannot find that Plaintiffs have hit the mark on pleading an injury or pleading the time, place, or content of the alleged misrepresentations. Accordingly, these claims must fail.

Plaintiffs' next claim for intentional infliction of emotional distress (IIED) also fails. In Tennessee, a plaintiff must establish the following to state a claim for IIED: "(1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was so outrageous that it cannot be tolerated by civilized society; and (3) the defendant's conduct resulted in serious mental injury to the plaintiff." *Lourcey v. Estate of Scarlett,* 146 S.W.3d 48, 51 (Tenn. 2004)(citation omitted). This is not the first time that a plaintiff has claimed IIED related to a foreclosure. A bankruptcy court in the Eastern District noted that "the running of foreclosure notices . . . may . . . cause[] embarrassment . . . ." *In re Jenkins,* 488 B.R. 601, 617 (Bankr. E.D. Tenn. 2013)(citation omitted). However, the Court went on to state that such conduct would not be "outrageous behavior, so extreme in degree, as to go beyond all bounds of decency . . . ." *In re Jenkins,* 488 B.R. 601, 617 (Bankr. E.D. Tenn. 2013)(citation and internal quotation omitted). Here, Plaintiffs allege that they "did not default in the manner stated in the Notice of Default" and that they have "been living under the constant emotional nightmare of losing the Property." (Docket Entry 1-1, p. 20). However, the Magistrate Judge is not persuaded that the issuance of a Notice of Default constitutes outrageous behavior. Therefore, this claim must fail as a matter of law.

Plaintiffs' next cause of action is slander of title. In Tennessee, a claim for slander of title requires the plaintiff to show: " '(1) that it has an interest in the property, (2) that the defendant published false statements about the title to the property, (3) that the defendant was acting maliciously, and (4) that the false statement proximately caused the plaintiff a pecuniary loss.' " *Currie v. JPMorgan Chase Bank, N.A.,* No. 2:12-CV-02915-JPM, 2013 WL 3776217, at *8

(W.D. Tenn. July 16, 2013)(quoting *Brooks v. Lambert,* 15 S.W.3d 482, 484 (Tenn.Ct.App.1999)). Plaintiffs' pleadings are long on legal conclusions and short on facts. Although Plaintiffs plead that Defendants maliciously published a Notice of Default, Notice of Trustee's Sale, Trustee's Deed and documents related to foreclosure of Plaintiffs' property, Plaintiffs submit none of these documents. (Docket Entry 1-1, p. 20). There are no dates, descriptions, quotes, copies or other facts alleged in Plaintiffs' Complaint by which the Magistrate Judge can conclude that Defendants published such documents or that they contained false statements. Therefore, Plaintiffs' claim fails as a matter of law.

Plaintiffs' next two causes of action are to quiet title and for declaratory relief. (Docket Entry 1-1, pp. 20-23). Plaintiffs claim that Defendants "have no right, estate, lien or interest in or to the property . . . ." (Docket Entry 1-1, p. 22). Plaintiffs also seek declaratory relief for a determination of whether "any Defendant has authority to foreclose on the property." (Docket Entry 1-1, p. 22). These claims fail for the same reasons stated above under Plaintiffs' first claim about Defendants' lack of standing to foreclose.

Plaintiffs' claims for violations of RESPA, TILA, and HOEPA are time-barred. Plaintiffs claim that Defendants violated RESPA because Plaintiffs' mortgage payments were "misleading and designed to create a windfall." (Docket Entry 1-1, p. 24). Plaintiffs claim that Defendants violated TILA and HOEPA because Defendants failed to provide "required disclosures and notices." (Docket Entry 1-1, p. 24). As such, the alleged violations occurred during the execution of the mortgage documents in 2007 or, at the latest, when Plaintiffs entered into a loan modification agreement in 2009. (Docket Entry 5-1and 5-3). The statute of limitations for RESPA claims is at most three years from the date of the alleged violation.[3] The statute of

---

3 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the

limitations for TILA and HOEPA claims is also, at most, three years from "the date of the occurrence of the violation."[4] *Girgis v. Countrywide Home Loans, Inc.,* 733 F. Supp. 2d 835, 845 (N.D. Ohio 2010)("Since HOEPA is an amendment to TILA, and the former is incorporated into the latter, the same statute of limitations prescribed under 15 U.S.C. § 1640(e) applies."). Therefore, Plaintiffs' claims would have expired, at the latest, in 2012. Plaintiffs filed their Complaint in 2014, two years too late. Plaintiffs' vague tolling arguments are unpersuasive. Therefore, the claims for violations of RESPA, TILA, and HOEPA fail as a matter of law.

Likewise, Plaintiffs' claim for rescission fails.

> Under the Truth in Lending Act, 82 Stat. 146, 15 U.S.C. § 1601 *et seq.,* when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately. See 15 U.S.C. § 1635. Under § 1635(f) of the statute, this right of rescission 'shall expire' in the usual case three years after the loan closes or upon the sale of the secured property, whichever date is earlier.

*Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 411 (1998). Therefore, "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." *Beach,* 523 U.S. at 412.

---

property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Bureau, the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.").

4 15 U.S.C. § 1640(e) (Except as provided in the subsequent sentence, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation or, in the case of a violation involving a private education loan (as that term is defined in section 1650(a) of this title), 1 year from the date on which the first regular payment of principal is due under the loan. Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law. An action to enforce a violation of section 1639, 1639b, 1639c, 1639d, 1639e, 1639f, 1639g, or 1639h of this title may also be brought by the appropriate State attorney general in any appropriate United States district court, or any other court of competent jurisdiction, not later than 3 years after the date on which the violation occurs. The State attorney general shall provide prior written notice of any such civil action to the Federal agency responsible for enforcement under section 1607 of this title and shall provide the agency with a copy of the complaint. If prior notice is not feasible, the State attorney general shall provide notice to such agency immediately upon instituting the action . . . .").

Therefore, Plaintiffs' right to recession also expired in 2012 and Plaintiffs' claim for rescission is time-barred.

### IV.     Recommendation

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss (Docket Entry 5) and Motion for Joinder (Docket Entry 7) be **GRANTED** and that this action be **DISMISSED** with prejudice for failure to state a claim.

Under FED. R. CIV. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 14th day of July, 2015

                                              s/John S. Bryant_____
John S. Bryant
U.S. Magistrate Judge